THE STATE OF UTAH, RESPONDENT, *v.* IRVING COLLETT, APPELLANT.

*Evidence — Criminal Action — Accomplice — Corroboration of — Sec. 4862 R. S. 1898.*

> Under Sec. 4862 R. S. 1898, the corroborating evidence in addition to the testimony of the accomplice, necessary to sustain a conviction on a charge of fornication, need not be a corroboration of every material fact, but only of such material facts as constitute a necessary element in the crime charged.[1]

(Decided Oct. 12, 1899.)

Appeal from the Fourth District Court, Utah county, Hon. W. N. Dusenberry, *Judge.*

Plaintiff was charged with the crime of fornication. From a verdict of guilty and a judgment thereon defendant appeals. *Affirmed.*

*J. W. N. Whitecotton, Esq.*, for appellant.

*Hon. A. C. Bishop*, Attorney General, for respondent.

BARTCH, C. J.

The defendant in this case was prosecuted for and convicted of the crime of fornication. On this appeal he insists that he was unlawfully convicted, and maintains there was no evidence to corroborate the testimony of his accomplice as required by Sec. 4868 Rev. Stat., which reads: "A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evi-

---

[1] *State* v. *Spencer*, 15 Utah, 149, affirmed.

dence, which in itself and without the aid of the accomplice tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof."

This section is almost identical with Section 5049, C. L. U. 1888, which was construed by this court, speaking through Mr. Justice Miner, in *State* v. *Spencer,* 15 Utah 149, as follows: "Under this provision of the statute, the corroborating evidence must of itself, and without the aid of the testimony of the accomplice, tend in some degree to implicate and connect the defendant with the commission of the offense. This corroborating evidence need not be sufficient of itself to establish the guilt of the defendant, but it must tend in some degree to implicate and connect the defendant with the commission of the offense charged. It may be slight, and entitled to but little consideration; nevertheless the requirements of this section are fulfilled if there be any corroborating evidence which of itself tends to connect the defendant with the commission of the offense. The statute does not require that such witnesses should be corroborated in respect to every material fact, but only in respect to such of the material facts as constitute a necessary element in the crime charged."

According to this interpretation, which we have no disposition to modify, the conviction in this case is clearly not in violation of the statute. There is testimony of other witnesses than the accomplice which shows that when accused by the father of having ruined his daughter, the defendant did not deny the charge, and that afterwards he admitted the paternity of the child, and expressed a willingness to marry its mother, the girl he had ruined.

In the face of such evidence, as is presented in this

record, it is mere folly for counsel to contend, in behalf of the prisoner, that there is no corroborating evidence, and that therefore the conviction was unlawful.

There is nothing in the record which will justify a reversal.

The judgment is affirmed.

MINER, J. and BASKIN, J. concur.