## STATE v. GUSTALDI.

No. 2307.  Decided May 10, 1912 (123 Pac. 897).

1. INDICTMENT AND INFORMATION—MOTION TO QUASH—WAIVER OF PRELIMINARY EXAMINATION. A person accused of crime may on motion to quash an information show that he did not waive a preliminary examination before a magistrate, although the magistrate's transcript recites that the examination was waived. (Page 69.)

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—NECESSITY. Where a magistrate who holds a person to answer a complaint charging him with a felony files a transcript of his proceedings in the district court, such court has jurisdiction until a motion to quash the information is sustained, although accused had no preliminary examination, or did not have one in compliance with the statute. (Page 69.)

3. CRIMINAL LAW—PRELIMINARY EXAMINATION—WAIVER. Under Const. art. 1, sec. 13, providing that offenses theretofore required to be prosecuted by indictment may be prosecuted by information after examination and commitment by a magistrate, unless an examination is waived, where the committing magistrate files a transcript of his proceedings on which an information is filed and the accused is arraigned and pleads to the merits and enters on the trial, he waives the right to a preliminary examination, or, if one was held, any irregularities therein, and hence the discharge of accused after a plea of not guilty on the ground that he did not have a proper preliminary examination was improper. (Page 69.)

4. INDICTMENT AND INFORMATION—MOTIONS TO QUASH—OPERATION AND EFFECT OF DECISION. When an information is quashed by the district court on the ground that accused did not have a proper preliminary examination, he should not be discharged from custody, but the court should either hold a preliminary examination sitting as a magistrate, or direct some magistrate to hold one as provided by law. (Page 70.)

5. CRIMINAL LAW—PRELIMINARY EXAMINATION—CONDUCT. Under Comp. Laws 1907, sec. 4670, providing that the testimony on preliminary examinations in homicide cases must be reduced to writing, but that the magistrate may order the testimony in proceedings to be taken down in shorthand, and for that purpose appoint a stenographer, where a stenographer was sworn and acted with the apparent consent of the magistrate, the prosecuting attorney, accused and his counsel, the appointment was sufficient to comply with the statute, although the transcript filed did not show any formal appointment, especially where accused recognized the stenographer's transcript as authentic by using it on a motion to be admitted to bail. (Page 71.)

6. CRIMINAL LAW—APPEAL BY PROSECUTION—REVIEW. On an appeal by the state under Comp. Laws 1907, sec. 4958, from an order and judgment discharging accused from custody after he had pleaded and entered on the trial on the ground that no proper preliminary examination was held, the court can only reverse the order and judgment, and cannot determine its legal effect or direct the district court to reinstate the case and proceed to try accused. (Page 72.)

APPEAL from District Court, Fifth District; *Hon. Joshua Greenwood,* Judge.

H. Gustaldi was charged with murder in the first degree. The state appeals from an order and judgment discharging defendant from custody.

REVERSED.

*E. H. Ryan,* District Attorney, for the State.

*Powers & Marioneaux* and *B. N. C. Stott* for respondent.

FRICK, C. J.

This is an appeal taken by the state pursuant to Comp. Laws 1907, section 4958, to determine a question of law.

The facts, in substance, are as follows:

On January 16, 1911, a complaint was duly filed before D. A. Lindsay, justice of the peace, as a committing magistrate within Eureka precinct, Juab County, Utah, in which the defendant was charged with having on the 14th day of January, 1911, committed the crime of murder in the first degree by shooting and killing one W. H. Palmer. A preliminary examination upon said charge was held on the 24th day of January, 1911, and said defendant was held to answer to the district court of Juab County, as provided by law. Subsequently, and within the time required by the statute, the district attorney duly filed an information in the district court of said county in which the defendant was charged with the crime of murder in the first degree committed as aforesaid. On the 9th day of February following the defendant was duly arraigned upon the charge as aforesaid in said district court, and then and there entered a plea of not guilty. The district attorney, having some doubt respecting the regularity of said arraignment, asked that the defendant be, and on the 2d day of March he was, again arraigned on said charge and again entered a plea of not guilty. On the same day the defendant made an application to postpone the trial

41 Utah—5

of the case to the next regular term of the district court of
Juab County, which application was granted, and the case
was set down for trial at the following June term. On June
2, 1911, the case was called for trial, and a jury was duly
impaneled to try the same. After the jury was complete,
and the district attorney had made his opening state-
ment, he called the first witness on behalf of the state, and,
when the first question was propounded to such witness,
counsel for defendant interposed the following objection:
"If your honor please, I object to any testimony being intro-
duced in this case on the ground that the court has no juris-
diction to try the defendant upon this information. And I
now move the court to charge the jury that it must find a
verdict of not guilty." The reasons given by counsel why his
objection should prevail in substance were: That the de-
fendant was not given a preliminary examination as required
by law. The court, after having heard the arguments of
counsel, denied the request to charge the jury, but sustained
the objection to the jurisdiction, and the court, on its own
motion, dismissed the jury and discharged the defendant
from custody. The district attorney assigns the ruling of
the court as error, and practically the only question before
us is whether the ruling of the court can be sustained.

Counsel defend the court's ruling upon the ground that
the preliminary examination was not conducted according
to law in this: That Comp. Laws 1907, section 4670, pro-
vides that on a preliminary examination in homicide cases
the testimony of the witnesses must be reduced to writing.
Said section also provides that the magistrate before whom
the preliminary examination is held may "order the testi-
mony and proceedings to be taken down in shorthand, in all
examinations herein mentioned, and for that purpose he may
appoint a stenographer." It is further provided therein that
such stenographer shall write out his notes into longhand,
and the manner of authenticating the testimony and proceed-
ings after the stenographic notes are transcribed or written
out into longhand, and when and where the same is to be
filed, and the use that may be made thereof, are also specified

in said section. In this case a competent stenographer took the testimony and proceedings at the preliminary examination in shorthand, and afterwards made a typewritten transcript of his stenographic notes, certified thereto, and filed the same, as required by law. The transcript certified to by the magistrate, and which is required to be and was filed in the district court, does not affirmatively show that the magistrate appointed said stenographer to act, but the stenographer's transcript of the testimony and proceedings shows that he was sworn to act, and that, after taking the usual official oath, he took the testimony and proceedings in shorthand. Counsel for the defendant in the district court contended that, because the transcript of the justice's docket certified to and filed as aforesaid does not affirmatively show that the stenographer was appointed by the magistrate, therefore the defendant has not had the preliminary examination required by our Constitution, and, not having had such a preliminary examination, he, in legal effect, has had none, and by reason thereof the district court acquired no jurisdiction of the case. In other words, counsel contend that in this state no one charged with a felony may be prosecuted by information except after a preliminary examination has been held before some magistrate, unless the accused has waived such an examination; that the defendant did not waive such an examination, and hence the district court acquired no jurisdiction of the case. It is contended, therefore, that, inasmuch as the magistrate's transcript does not show that the stenographer who reduced the testimony to writing was duly appointed, there was no legal preliminary examination held, and hence the state attempted to prosecute the accused without a preliminary examination, which is contrary to law, and for those reasons the district court had no jurisdiction.

In our judgment there is no merit in these contentions, and, as we view it, the district court committed a grievous error in holding that it had not acquired jurisdiction of the case and in entering judgment dismissing the action. Article 1, section 13, of our Constitution, so far as material here, provides:

"Offenses heretofore required to be prosecuted by indict-
ment shall be prosecuted by information after examination
and commitment by a magistrate, unless an examination be
waived by the accused with the consent of the state, or by
indictment with or without such examination and commit-
ment." The examination may therefore be waived by the
accused in every case. If the entire proceeding may be
waived, it would seem that any part thereof may likewise be
waived, and that such a waiver may be deemed to have taken
place, unless the accused at the proper time and in a proper
manner indicates that he does not waive anything. For in-
stance, if one is charged with a felony in a proper complaint
filed before a magistrate, and he is by such magistrate held to
answer to the district court of the county in which the alleged
crime was committed, and a complaint against him was filed,
and the magistrate makes a transcript of the proceedings had
before him on such complaint, and files it in the district court
aforesaid, and in which transcript it is made to appear that
the accused waived the preliminary examination, or- the
magistrate says nothing at all about such an examination,
and the district attorney, acting upon the transcript filed as
aforesaid, files an information charging the accused with a
felony described in the complaint filed before the magistrate,
and the accused then appears in the district court and enters
a plea to the merits, and enters upon a trial, could he at such
time for the first time object to and assail the jurisdiction of
the court or otherwise contest the right of the court to proceed
upon the information aforesaid because the accused had not
waived the preliminary examination, or because he was not
given such an examination and therefore must be discharged
from custody? We held in a recent case (State v. Springer,
40 Utah, 471, 121 Pac. 976) that the accused is not bound
by the recitals contained in the magistrate's transcript in
so far as those recitals relate to a preliminary examination
having been held, and that, although it be stated in the tran-
script that the preliminary examination was held or waived,
the accused may nevertheless move the district court to
quash the information filed against him upon the ground that

he had not been given a preliminary examination and he may show the facts in that regard in support of his motion to quash.

The accused may in the same manner also show that he did not waive the preliminary examination, although it may be stated in the transcript that such was the case.

If it be a fact, however, that the accused has not had a preliminary examination, or that such an examination in his or his counsel's judgment was not in compliance with the statute, such fact does not deprive the district court of jurisdiction of the case if a transcript of the proceedings had before the magistrate is duly filed in the district court.

If upon such a transcript an information is filed, and the accused is arraigned upon it, and pleads to the merits and enters upon a trial, he necessarily waives, not only the right to a preliminary examination, but also waives any irregularities that may have occurred in the proceedings if an examination was had. Such, so far as we are advised, is the law where a right to a preliminary examination is given, and where upon such an examination one charged with a felony may be prosecuted by information instead of by indictment. (*Davis v. State,* 31 Neb. 247, 47 N. W. 854; *Coffield v. State,* 44 Neb. 417, 62 N. W. 875; *Dinsmore v. State,* 61 Neb. 418, 85 N. W. 445.)

If it be assumed, therefore, that it must affirmatively be made to appear from the magistrate's transcript filed in the district court that he appointed the stenographer who certifies to the transcript of the testimony and proceedings, and if it be further assumed that the omission to show such an appointment affects the legality of the preliminary examination, yet, unless the accused moves to quash the information filed against him before pleading to the merits, he must be held to have waived his right to a preliminary examination as well as his right to assail the legality or regularity thereof either upon the trial by objecting to the evidence, as was done in this case, or in arrest of judgment, or in any other way.

No other conclusion is reasonable or practicable. Why should the accused, after entering a plea of not guilty and entering upon a trial, be permitted to attack the information except upon the ground that no offense is charged therein? Orderly procedure, as well as the rules of practice, requires that, unless objections are timely interposed, all irregularities if any occur at the preliminary examination and preceding the filing of the information, and all defects in the information itself except for the reasons just stated, must be deemed to be waived. In this case, therefore, the defendant, after entering a plea of not guilty upon which he proceeded to trial, cannot raise the question that he did not have a preliminary examination.

He should have raised such a question by a motion to quash the information upon the ground that he was not given, and did not waive a preliminary examination if such was the fact, and, if the district court then had overruled his motion, he could have had the ruling reviewed in this court, and, if the motion had been sustained, the court either could have held a preliminary examination while sitting as a magistrate, or could have directed some magistrate to hold one as provided by law. Until the court sustained a motion to quash the information, therefore, it had jurisdiction of the case, and in no event was the defendant entitled to be discharged from custody. That is, if the court should quash an information upon the ground that the accused had not been given a preliminary examination and had not waived it, the court could proceed no further with the case until a preliminary examination was had. Those who are charged with a crime, and especially if charged with murder, are entitled to all the rights guaranteed to them by the law. The law, however, may provide for certain steps which if not jurisdictional may be waived by the accused. Where the law requires certain things to be done for the benefit of the accused, and it is clear that he has waived them either expressly or by necessary implication, it would make a farce of the law to discharge the accused upon the ground that some step had been omitted.

We are also of the opinion that in this case the authority of the stenographer to act sufficiently appears in the transcript of the testimony and proceedings filed by him. It is made to appear therefrom that, before the stenographer was permitted to take the testimony and proceedings in shorthand, the magistrate administered to him an oath that he would execute the matters he was required to do with fidelity. After taking this oath, he proceeded and continued to act with at least the apparent consent of the magistrate, the prosecuting attorney, and the defendant and his counsel. In this connection it is also true that upon a motion made by the defendant to be admitted to bail and discharged from custody he availed himself of the transcript as containing an authentic record of the evidence taken and proceedings had at the preliminary examination upon the complaint filed against him. The defendant thus recognized the transcript as authentic so far as beneficial to himself, but sought to assail it so far as it might be used as contemplated by the statute by virtue of which it was taken.

Moreover, the appointment referred to in the statute can be but for one purpose, namely, to confer authority upon the stenographer to act and to make his transcript of the evidence and proceedings at least *prima facie* authentic. In view of this, we think the administering of the oath, followed, as it was, by taking the testimony and proceedings with the consent of all concerned, constituted a sufficient appointment, and especially so since the statute does not specify in what manner the appointment shall be made, or that a record of his appointment shall be made by the magistrate. The appointment was therefore sufficient.

But, although such were not the case, the defendant, nevertheless, waived both the right to be given a preliminary examination and the right to object to any irregularity in the proceeding by not attacking the information, and by entering his plea of not guilty, and entering upon a trial upon such a plea. No doubt it would have been proper, and, all things considered, perhaps better, if the magistrate had made a

record of the appointment, and in such record had given the name of the person appointed, and incorporated such record into the transcript filed in the district court. A failure to do so, however, could not affect the jurisdiction of the court.

We are asked by the district attorney to make an order requiring the district court to reinstate this case, and to proceed to try the defendant upon the information filed against him. We cannot do so upon this record. Moreover, in this proceeding we are not authorized to pass upon the legal effect of the order and judgment of the district court by which the action was dismissed and the jury and defendant discharged. Nor can we direct what, if any, further proceeding may be taken against the defendant upon the information in this case, or upon any other covering the same transaction. The prosecuting attorney may take such action as he deems legal and proper. `In such event the defendant has the legal right to make his objections and save his exceptions to any proceeding that may be taken against him and to present the record of such proceeding with his objections and exceptions thereto to this court for review, and, when such a record is presented, we may then legally pass upon the legal effect to be given to the judgment entered in this case as well as examine the legality and regularity of any further proceeding that may be had therein. All we can now do is to reverse the order and judgment of the district court dismissing the action and discharging the defendant.

The order and judgment aforesaid is therefore reversed.

McCARTY and STRAUP, JJ., concur.