517 P.2d 536

**William POPE, Plaintiff and Respondent,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Defendant and Appellant.**

**No. 13390.**

Supreme Court of Utah.

Dec. 18, 1973.

Vernon B. Romney, Atty. Gen., William T. Evans, David L. Wilkinson, Asst. Attys. Gen., Salt Lake City, for defendant and appellant.

Lynn R. Brown, Salt Lake Legal Defenders, Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The defendant appeals from the granting of petitioner's writ of habeas corpus by the trial judge.

In 1964 Mr. Pope and a woman companion were jointly charged with the crime of murder in the first degree. At the preliminary hearing Mr. Pope, through his attorney, and the county attorney entered into some sort of projected plea bargaining whereby the complaint was to be dismissed as to the lady defendant and Mr. Pope was to waive the preliminary hearing and plead guilty in the District Court to the included offense of voluntary manslaughter if the committing magistrate would only bind him over on that charge. The magistrate cooperated and did bind him over as per the agreement.

The trouble with the matter was that it was the district attorney whose duty it was to draw the Information and to participate in any plea bargaining which was to be done. Our statute [1] makes it the duty of the district attorney to file an Information within 30 days after the defendant is bound over for trial on an offense under the penalty of prosecution for neglect of duty and of contempt of court if he fails to do so. The next section [2] provides that if the district attorney is of the opinion that an Information should not be filed, he should make, subscribe, and file with the court a statement in writing setting forth his reasons of fact and law for not doing so. The court examines the statement and the evidence and then either directs the prosecutor to proceed with the case or to discharge the accused.

In the instant matter the district attorney was convinced that a case of murder in the first degree could be made out, and so he did not desire to draw an Information for voluntary manslaughter. He signed a *motion* which he filed in the District Court requesting that the case be remanded with directions that a new charge of murder in the first degree be filed and a preliminary hearing had thereon. The judge granted this motion, and a new case was begun, a preliminary hearing was held, and Mr. Pope was bound over for trial on a charge of murder in the first degree. An Information was filed charging him with that crime. At arraignment in the District Court, Mr. Pope entered a plea of not guilty and proceeded to trial, where he was found guilty of the charge contained in the Information.

He filed a petition in the Federal District Court seeking his release on a writ of habeas corpus. The writ was denied based on oral statements and arguments. He appealed to the Circuit Court, which reversed and remanded the matter for a full evidentiary hearing. The Federal District Court then released the petitioner on a writ of habeas corpus, and the State appealed. Again the Circuit Court reversed, holding

1. Sec. 77-17-1, U.C.A.1953.

2. Sec. 77-17-2, U.C.A.1953.

that Mr. Pope must file his petition in the State Court and exhaust his remedies before proceeding in the Federal Court. However, permission was given Mr. Pope to renew his petition in the Federal Court after the Utah Supreme Court had made its determination of the matter. In other words, we are given the satisfaction of knowing that that which we do in this matter is of no consequence whatsoever and that the ruling of the Supreme Court of a sovereign state of the Union is subject to the whim of the inferior district courts in the Federal system.[3] The trial judge apparently was impressed with the might of the Federal system and improperly released the prisoner. The basis of the release was that the District Court had no power to remand the first case on a written motion.

We are unable to follow the reasoning given for the order. Even if the manslaughter bindover remained in the District Court, Mr. Pope would not have been prejudiced, since he was never prosecuted under that charge. Whether the district attorney should have been held in contempt or otherwise dealt with for failing to file an Information within 30 days was not a matter to concern Mr. Pope.

Ordinarily one would think a defendant would be glad to have the district attorney dismiss any charge pending against him or to refuse to prosecute so that he might claim some defense by reason of a lack of a speedy trial.

■ We think the written motion together with the oral statements made to the judge were in substantial compliance with the statute, and especially is this true since the information given to the trial judge was sufficient to convince him that the charge of voluntary manslaughter should not be pursued.

■ No notice of the motion or of the refusal to file the Information was given to Mr. Pope, but since the dismissal of a criminal charge does not prejudice a defendant, we do not regard this procedure under the circumstances of this case as being prejudicial.

Mr. Pope now contends that the first bindover is still in full force and effect and that a second charge of murder in the first degree could not be laid under the same factual situation.

The answer to such a contention, assuming that the first case is still viable in the District court, is to be found in the fact that Mr. Pope never raised the matter of a prior action pending when he was confronted with the second case.

■ A defendant could be charged in more than one Information, and if he

---

3. The author of this opinion expressed himself regarding Federal interference in State affairs in a similar case some time ago. See ▬

Dyett v. Turner, 20 Utah 2d 403, 439 P.2d 266 (1968).

raised no complaint so as to permit the matter to be adjusted, the first case tried would afford the defense of once in jeopardy in case the State should attempt to try him under the other Information. It would not matter which Information was first filed or first prosecuted, as jeopardy would not attach before the trial was had under either Information.

 In addition to the foregoing, there is another reason why Mr. Pope cannot prevail in this matter. He made no complaint at his arraignment to the manner in which the preliminary hearing for murder in the first degree had been handled in causing him to be bound over for trial. If he had any objections to the manner in which the preliminary hearing was conducted, he waived them by pleading to the Information and going to trial. A defendant cannot abide the result of a trial and if dissatisfied with the verdict compel the State to begin afresh on a mere technicality which has nothing to do with the fairness of the trial or with his guilt or innocence.[4]

Mr. Pope had a fair trial and is not entitled to escape paying his debt to society by any such ruse as he now attempts to raise. The ruling of the trial court is reversed and the matter remanded with directions to dismiss the petition and to remand the petitioner to the custody of the warden.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.

---

4. State v. Spencer, 15 Utah 149 at 156, 49 P. 302; State v. Norman, 16 Utah 457 at 471 and 472, 52 P. 986; State v. Gustaldi, 41 Utah 63 at 70, 123 P. 897 (1912); State v. Freeman, 93 Utah 125 at 135, 71 P.2d 196 (1937); People v. Sierra, 256 P.2d 577 at 579 (Cal.App.1953); 22 C.J.S. Criminal Law §§ 365 and 366.