STATE of Utah, Plaintiff and Respondent,

v.

Jake POTEET, aka Elmer LaVerne Poteet, Defendant and Appellant.

No. 19132.

Supreme Court of Utah.

Nov. 2, 1984.

---

11. *Montoya, supra* note 6, at 727.

Jonus L. Shumate, Cedar City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl Dorius, Asst. Atty. Gen., Salt Lake City, Pat-

rick Nolan, Co. Atty., Panquitch, for plaintiff and respondent.

HOWE, Justice:

Appellant, Jake Poteet, was convicted of aggravated assault and bail jumping in violation of U.C.A., 1953, §§ 76–5–102, 103 and 76–8–312 by jury verdicts in separate trials. He appeals on several grounds: (1) he was deprived of due process of law when the State denied him compulsory process to secure attendance of out-of-state witnesses; (2) there was an insufficient showing of reasons for the denial of disqualification of the trial judge pursuant to an affidavit of bias and prejudice filed by appellant under Rule 63(b) of the Utah Rules of Civil Procedure; (3) he was subjected to an improper lineup; (4) he was arrested in his home without an arrest warrant; (5) the evidence was insufficient to convict for aggravated assault; and (6) he was not given a timely preliminary hearing on the bail jumping charge.

Rodney Jones was working on a construction project near Escalante, Utah. After finishing his work on Friday, October 30, 1981, he cashed his paycheck and checked into the town motel because his truck had mechanical problems. The next day he asked Larry Poteet, the mechanic at a local service station and appellant's cousin, to help him repair his truck. Jake Poteet, accompanied by his two brothers and their uncle, stopped at the motel at about 3:00 p.m. because they saw Larry Poteet's truck in the motel parking lot. The foursome had been drinking heavily. Rodney Jones and Larry Poteet invited them into Jones's room. They did some drinking and Larry Poteet left.

The motel manager discovered Jones the morning of the next day, Sunday. He had been badly beaten, the room was a shambles, and blood was all over the room. Jones remembered lying on the bed while the four Poteets stood around it and beat on him. They threatened to kill him if he revealed their identity.

## OUT–OF–STATE WITNESSES

Appellant contends that he was denied due process of law because the trial court refused to subpoena out-of-state witnesses at State expense. Although appellant had no less than three months to prepare his defense, the motion was filed only two days prior to trial and was not prepared in accordance with U.C.A., 1953, § 21–5–14. The signature on the required affidavit was not acknowledged and the affidavit was not filed until the second day of the two-day trial. Appellant failed to renew his motion when the affidavit was filed. The granting of such a motion is in the sound discretion of the trial court. U.C.A., 1953, § 77–21–3; *State v. Ivory*, 609 S.W.2d 217, 220 (Mo.App.1980); *People v. Newville*, 33 Cal.Rptr. 816, 820, 220 Cal. App.2d 267 (1963). Under these circumstances we find no error in the trial court's denial of defendant's motion.

## DISQUALIFICATION FOR PREJUDICE

Prior to trial, appellant filed an affidavit under Rule 63(b) of the Utah Rules of Civil Procedure to disqualify the trial judge for bias or prejudice. The trial judge properly called in another district court judge to determine the matter by passing upon the legal sufficiency of the affidavit. The judge ruling on the affidavit found it legally insufficient, but did not give his reasons for so finding. Appellant contends that Rule 52(a) of the Utah Rules of Civil Procedure requires that rulings on Rule 63(b) affidavits must be accompanied by specific findings of fact and conclusions of law. However, Rule 52(a) by its very language is applicable only to *"actions* tried upon the facts" and to motions for involuntary dismissal under Rule 41(b) of the Utah Rules of Civil Procedure. Appellant's affidavit of bias and prejudice is not an action under the language of either Rule 63(b) or Rule 3 of the Utah Rules of Civil Procedure. Although Rule 63(b) does not designate the procedure therein as one done by motion, the filing of the affidavit more closely resembles a motion in its implementation and effect than it resembles an ac-

tion. Although it is neither a motion nor an action, even if we were to recognize that it is a "motion" requesting an order that the trial judge be disqualified, Rule 52(a) does not require that the denial of a motion be accompanied by specific findings of fact and conclusions of law. Appellant cites no other authority for his proposition. We hold that the absence of written reasons for the finding that the affidavit was insufficient is not error.

## IDENTIFICATION PROCEDURE

When the police officer first arrived at the motel, he asked Jones to tell him who had beaten him. After some hesitation, Jones told him that it was the Poteets who were driving a blue pickup truck. The officer went to the Poteet home, advised the foursome of their *Miranda* rights, and explained that Jones had accused them of the beating. When they denied the accusation, the officer told them, "the only way I'm going to clear this up, if you want to clear this up, is if you want to go up to the motel with me and see if he can identify you." They agreed to go and voluntarily rode to the motel with the officer in the patrol car.

At the motel, the officer stood the suspects along a chain link fence near the swimming pool. Jones indicated that the three Poteet brothers, including appellant, were his assailants. Appellant claims that this was a "lineup" denying him due process and conducted in violation of U.C.A., 1953, §§ 77–8–1, *et seq.*, and that the identification evidence should have been excluded. A review of the record, however, reveals that this was not a lineup as contemplated by that statute. A lineup procedure is to identify those known to a witness only by their appearance or the sound of their voices. The identification procedure used by the officer might be more properly called a "showup," instead of the more familiar lineup. Appellant was advised of his right to counsel and voluntarily waived it. Admissibility of showup identification evidence depends on the reliability of the identification under the totality of the circumstances surrounding the procedure. *Neil v. Biggers,* 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401, 411 (1972); *Stovall v. Denno,* 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199, 1206 (1967). The circumstances here indicate that evidence of the showup identification was admissible. Jones identified appellant by name prior to the showup at the motel. The officer's actions were merely to confirm which of the Poteets Jones was accusing. In *State v. Bush,* 109 Ariz. 487, 512 P.2d 1221 (1973), the defendant and victim were known to each other prior to the robbery and battery. A similar showup was conducted, and the Arizona court held that the showup "served merely to confirm to the police that the man they had apprehended was the same man [the victim] was accusing of robbery and battery." *Id.* 512 P.2d at 1224. The United States Supreme Court in *Stovall v. Denno* held the showup identification evidence admissible, basing their decision partly on the exigent circumstances. There the victim was in the hospital and the police feared she was near death. The victim also identified her assailant in court. In the instant case, Jones had been severely beaten, was fading in and out of consciousness, and the police officer feared he was near death. The officer knew that the Poteets were transients and feared they would flee before the investigation was completed. For these reasons, the trial court specifically found that the exigent circumstances merited such an identification procedure, and under the totality of the circumstances the evidence was admissible. Moreover, Jones knew his assailants beforehand and made an independent in-court identification. We find no error in the admission of the evidence.

## LEGALITY OF ARREST

Appellant cites *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), as authority to overturn his conviction on the ground that he was improperly arrested in his home without a warrant. If appellant had actually been

arrested in his home, then that case might well be controlling. However, the trial record leaves doubt that he was even arrested at his premises. If he was, it was only after the officer asked him to step outside the home. The officer made no entry into the dwelling, but only went to the front door. When a person to be arrested answers the door or comes outside the residence, no warrant is required and there is no infringement on his right to privacy. *United States v. Mason,* 661 F.2d 45 (5th Cir.1981). We hold that the evidence derived from that arrest was properly admitted.

## SUFFICIENCY OF THE EVIDENCE

Appellant argues that the evidence was insufficient to convict him of aggravated assault. A conviction for aggravated assault requires either that the assailant use a deadly weapon or that he inflict serious bodily injury. U.C.A., 1953, § 76-5-103. Appellant argues that there was neither evidence that he used a deadly weapon in the assault nor evidence that Jones sustained serious bodily injury. However, Jones's attending physician testified that Jones came into the hospital in a very serious condition. He had been beaten so badly that he did not regain consciousness for 15 to 18 hours after the assault. He had dried blood in his nose and throat and, as the physician related, Jones was in a "very dangerous state and very well could [have] die[d]." We find no error.

## BAIL JUMPING
## PRELIMINARY HEARING

Appellant contends that his bail jumping conviction should be reversed because he was not given a preliminary hearing within the time required by our rules and statutes. Rule 7(c) of the Utah Rules of Criminal Procedure, U.C.A., 1953, § 77-35-7(c), directs that an accused be afforded a preliminary examination before the committing magistrate no more than 30 days after arraignment.

Prior to jumping bail, appellant was charged by information on three felony counts. An arraignment and preliminary hearing were held before the circuit court, and appellant was bound over to the district court. Arraignment before the district court was scheduled for January 7, 1982, but appellant left the state and failed to appear. After he was extradited from California and returned to Utah on April 27, the State added the bail jumping charge to the information. No arraignment and preliminary examination on the added charge were held before a committing magistrate at that time. On May 6, he was arraigned before the district court on all four charges and pleaded not guilty to each charge. On June 13, he escaped from jail and was not returned to the state until October 20. He did not complain of being denied a preliminary examination until November. The district court refused to proceed on the bail jumping charge until he had been bound over from the circuit court on that charge. The county attorney filed a new information charging bail jumping. The circuit court arraigned appellant, conducted a preliminary examination on December 9, and bound him over to the district court.

Although the Utah Constitution guarantees an accused a preliminary examination, it does not set a specific time within which it must be conducted. Utah Const. art. I, § 13. However, a time requirement is set in Rule 7(c) of the Rules of Criminal Procedure. Before the adoption of the rule in 1980, we held that a defendant could waive his right to a preliminary hearing by pleading before the district court and proceeding to trial. *Pope v. Turner,* 30 Utah 2d 286, 517 P.2d 536 (1973); *State v. Freeman,* 93 Utah 125, 71 P.2d 196 (1937); *State v. Gustaldi,* 41 Utah 63, 68, 123 P. 897, 899 (1912). Rule 7(c) does not provide any remedy for an accused when the time limitation of the rule is violated. The rule is new and no Utah case has dealt with this issue. Rule 7(c) is modeled after Rule 5(c) of the Federal Rules of Criminal Procedure. The federal decisions on this rule deal primarily with admissibility of evidence obtained from an

accused during an unreasonable delay between arrest and arraignment before a committing magistrate. However, some also address an accused's remedy for an unreasonable delay between arrest and preliminary examination. Because the federal courts have spoken on the issue under the corresponding federal rule, their decisions lend guidance to this Court. In *Theriault v. United States*, 401 F.2d 79 (8th Cir. 1968), *cert. denied*, 393 U.S. 1100, 89 S.Ct. 898, 21 L.Ed.2d 792 (1969), *reh'g denied*, 394 U.S. 939, 89 S.Ct. 1201, 22 L.Ed.2d 474 (1969), no evidence was elicited from the accused during the delay. The court found no prejudice and upheld the conviction. Similarly, the court in *United States v. Ravich*, 421 F.2d 1196 (2nd Cir.1970), held that there was no prejudice to the accused because no evidence was elicited during the delay and the defense had ample time to prepare for trial.

■ Appellant does not intimate how the delay prejudiced him. He points to no evidence elicited from him during the delay. His attorney had time to prepare for trial during the almost three months between his December preliminary hearing in the circuit court and his trial in the district court. Because he was already in custody for the three initial charges, no lengthy, unnecessary incarceration was caused by the violation of the rule. As such, a preliminary examination on the bail jumping charge could not have ended his incarceration for the other charges. It was stated in *State v. Solomon*, 158 Wis. 146, 147 N.W. 640 (1914), that the chief objective of a preliminary examination is to protect innocent persons from a lengthy incarceration while awaiting trial. *Id.* 147 N.W. at 642. *See also* Fed.R.Crim.P. 5 advisory committee note to 1972 amendments to the same effect. Under these circumstances, we hold that the delay did not prejudice appellant to merit a reversal because of a violation of Rule 7(c). We reserve judgment for another day for those instances where an accused is not already incarcerated on other charges.

## CONCLUSION

The trial court committed no error in admitting the evidence of which appellant complains. Appellant has failed to demonstrate any basis for a reversal of his convictions.

Affirmed.

HALL, C.J., STEWART and DURHAM, JJ., and DEAN E. CONDER, District Judge, concur.

ZIMMERMAN, J., does not participate herein.