2006 UT App 461

STATE of Utah, in the interest of D.K., a person under eighteen years of age.

D.K., Appellant,

v.

State of Utah, Appellee.

No. 20050802–CA.

Court of Appeals of Utah.

Nov. 16, 2006.

Patrick L. Anderson and Linda M. Jones, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General, and Brett J. DelPorto, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and THORNE.

OPINION

McHUGH, Judge:

¶ 1 D.K. appeals the juvenile court's order binding him over to the district court to stand trial as an adult under the Serious Youth Offender Act (the SYOA), *see* Utah Code Ann. § 78–3a–602 (Supp.2006), on the offenses of aggravated assault and aggravated robbery. The sole issue on appeal is whether the juvenile court erred in concluding that there was probable cause to believe D.K. inflicted "serious bodily injury" on his victim. We affirm.

## BACKGROUND

¶ 2 Around 3:30 a.m. on June 25, 2005, D.K., who was seventeen years old at the time, and two other juveniles entered a 7-Eleven convenience store. Two of the juveniles walked to the store's coolers and began taking beer, while D.K. walked behind the counter and began taking cigarettes. Dennis Daley, the store clerk, approached D.K. and told him that he was going to call the police.

¶ 3 Daley testified at the preliminary hearing that he was then "smacked" to the ground face-down behind the counter, and then hit or smacked in the face and head, and kicked or hit multiple times in the back and ribs. Daley identified D.K. as his assailant. Daley testified that at one point he believed two of the juveniles were beating him simultaneously, and that he may have briefly lost consciousness.[1] When he tried to get up, he was told to "stay down." The juveniles fled the store with the stolen beer and cigarettes but were apprehended by police soon thereafter.

¶ 4 After the attack, Daley was transported to the hospital. He received three stitches for a cut or tear to his left ear. The State presented evidence at the preliminary hearing that Daley suffered at least ten bruises to his head, face, back, chest, and arms. One of the bruises covered most of the left side of Daley's face. Daley's ribs may have been fractured, but doctors could not tell for certain because of the extensive bruising to his chest. Daley also suffered tears to the tendons in his ribs.

¶ 5 Daley visited his doctor six times for recurring dizziness and for what he described as "severe pain." He also returned to the doctor when his ear wound re-opened. Daley testified that after the attack he suffered "a whole lot of discomfort" from the pain in his ribs. He also testified that he continued to experience dizziness and headaches as a result of the beating. He stated that he "get[s] up every morning with aches throughout [his] ribs and stuff" and that the pain was becoming a "common, everyday occurrence."

¶ 6 D.K. was charged under the SYOA, which requires that a minor who is sixteen years of age or older and charged with at least one of nine enumerated felonies, including aggravated assault and aggravated robbery, see Utah Code Ann. § 78–3a–602(1)(a)(ii), (v), be prosecuted by first filing a criminal information in juvenile court. See id. § 78–3a–602(1). The juvenile court is then required to conduct a preliminary hearing to determine if there is probable cause to believe that the juvenile committed the enumerated felony or felonies.[2] See id. § 78–3a–602(3)(a). A "finding of probable cause creates a strong presumption of district court jurisdiction." In re M.E.P., 2005 UT App 227, ¶ 2, 114 P.3d 596 (quotations and citation omitted). Here, the juvenile court found that the State had shown probable cause that D.K. committed aggravated assault and aggravated robbery, both of which require a finding that serious bodily injury was inflicted upon the victim,[3] and bound D.K. over to district court. D.K. now appeals.

## ISSUE AND STANDARDS OF REVIEW

¶ 7 This appeal requires us to determine whether there was probable cause to believe D.K. inflicted serious bodily injury upon Daley under the SYOA. "The proper interpretation and application of a statute is a question of law [that] we review for correctness, affording no deference to the [juvenile court's] legal conclusion." State v. One Lot of Pers. Prop., 2004 UT 36, ¶ 8, 90 P.3d

---

1. At oral argument, D.K. argued that the cross-examination of Daley discounted this testimony. However, we must accept the facts in the light most favorable to the prosecution. See State v. Virgin, 2006 UT 29, ¶ 24, 137 P.3d 787.

2. Once probable cause is found, the SYOA provides that the juvenile court may retain a case if the defendant proves, by clear and convincing evidence, that three conditions exist. See Utah Code Ann. § 78–3a–602(3)(b) (Supp.2006). Those conditions are not at issue in this case.

3. Aggravated assault under the SYOA requires "intentionally causing serious bodily injury to another." Utah Code Ann. § 78–3a–602(1)(a)(ii) (Supp.2006); see also id. § 76–5–103(1)(a) (2003). Likewise, "[a] person commits aggravated robbery if in the course of committing robbery, he ... causes serious bodily injury upon another." Id. § 76–6–302(1)(b) (2003); see also id. § 78–3a–602(1)(a)(v).

639 (quotations and citations omitted). A court's bindover decision is a mixed question of law and fact, *see State v. Virgin,* 2006 UT 29, ¶ 27, 137 P.3d 787, and courts have "some discretion in making their bindover determinations," *id.* at ¶ 34. Accordingly, we grant "limited deference to a [juvenile court's] application of the bindover standard to the facts of each case." *Id.*

## ANALYSIS

¶ 8 Under the SYOA, the State must "establish probable cause to believe that one of the [enumerated crimes] has been committed and that the defendant committed it." Utah Code Ann. § 78–3a–602(3)(a). This is the standard according to which bindover decisions in general are analyzed. *See Virgin,* 2006 UT 29 at ¶ 17, 137 P.3d 787. To establish probable cause, "the prosecution must present sufficient evidence to support a reasonable belief that an offense has been committed and that the defendant committed it." *Id.* at ¶ 20 (quotations and citations omitted). "Properly construed and applied, the probable cause standard does not constitute a rubber stamp for the prosecution but, rather, provides a meaningful opportunity for [courts] to ferret out groundless and improvident prosecutions." *Id.* at ¶ 19. "[T]he prosecution has the burden of producing believable evidence of all the elements of the crime charged, but this evidence need not be capable of supporting a finding of guilt beyond a reasonable doubt." *Id.* (quotations and citation omitted). Furthermore, in making a bindover determination, the court leaves the weighing of conflicting evidence to the trier of fact and "view[s] the evidence in a light most favorable to the prosecution[,] resolv[ing] all inferences in favor of the prosecution." *Id.* at ¶ 24 (second and third alteration in original) (quotations and citation omitted).

¶ 9 D.K. argues that the State did not establish probable cause to believe that he inflicted serious bodily injury upon Daley. Serious bodily injury is defined as "bodily injury that creates or causes serious perma-

nent disfigurement, protracted loss or impairment of the function of any bodily member or organ, or creates a substantial risk of death." Utah Code Ann. § 76–1–601(10) (2003). D.K. contends that, at most, Daley's injuries constituted "bodily injury," defined as "physical pain, illness, or any impairment of physical condition," *id.* § 76–1–601(3), or "substantial bodily injury," defined as "bodily injury, not amounting to serious bodily injury, that creates or causes protracted physical pain, temporary disfigurement, or temporary loss or impairment of the function of any bodily member or organ," *id.* § 76–1–601(11). *See also State v. Smith,* 909 P.2d 236, 244 (Utah 1995) (noting that child rape victim suffered substantial bodily injury when girl was bleeding from assault two hours after it occurred and was required to undergo an hour-long surgery to repair her injuries); *State v. Boone,* 820 P.2d 930, 936 (Utah Ct.App.1991) (holding that jury properly found bodily injury in convicting defendant of aggravated burglary because victim suffered significant trauma to his face after being punched repeatedly). D.K. thus contends that because aggravated assault and aggravated robbery specifically require the infliction of serious bodily injury under the SYOA, the juvenile court erred in binding him over to district court. We disagree.

¶ 10 At this stage of the proceedings, the State needed only to demonstrate probable cause to believe that D.K. inflicted serious bodily injury upon Daley. The juvenile court was required to view all the evidence in the light most favorable to the prosecution. *See Virgin,* 2006 UT 29 at ¶ 24, 137 P.3d 787. In doing so, the juvenile court properly determined, under the probable-cause standard, that the numerous blows to Daley's head and chest, the possible loss of consciousness, the tear or cut to Daley's ear, the ongoing severe pain, the continued dizziness, and the follow-up visits to the doctor were evidence of "protracted loss or impairment of the function of any bodily member or organ" or evidence of "a substantial risk of death." Utah Code Ann. § 76–1–601(10).[4] *Compare State v. Poteet,* 692 P.2d 760, 764 (Utah 1984) (conclud-

---

4. As an example, the continued dizziness could be proven to be the result of impairment of the function of Daley's brain due to the beating.

ing that victim suffered serious bodily injury because he was beaten unconscious and remained unconscious for at least fifteen hours after the assault and had dried blood in his nose and throat), *and State v. King,* 604 P.2d 923, 926 (Utah 1979) (concluding that serious bodily injury was inflicted where rape victim had been stabbed in the chest with scissors, puncturing her lung, and had been choked to unconsciousness), *and State v. Bloomfield,* 2003 UT App 3, ¶¶ 16–18, 63 P.3d 110 (holding that serious bodily injury had been inflicted on victim who was kicked and stomped about the face and head numerous times, who was found unconscious, and who suffered a broken nose, loss of several teeth, and multiple bruises, scrapes, and contusions), *with In re Besendorfer,* 568 P.2d 742, 743–44 (Utah 1977) (reversing after concluding that victim's injuries did not meet definition of serious bodily injury because the record indicated only that victim sustained bruises and had a tooth capped as a result of beating).

¶ 11 Whether the State can prove beyond a reasonable doubt that Daley's injuries are serious bodily injuries is a separate question altogether, one that is left to the trier of fact.[5] *See Bloomfield,* 2003 UT App 3 at ¶ 18, 63 P.3d 110 (reviewing jury finding that serious bodily injury had been inflicted and stating that it is "within the province *of the jury* to consider the means and manner by which the victim's injuries were inflicted along with the attendant circumstances" (emphasis added) (quotations and citation omitted)); *State v. Leleae,* 1999 UT App 368, ¶ 20, 993 P.2d 232 (holding that although victim's injuries "conceivably could have amounted to substantial bodily injury rather than serious bodily injury," the question was properly submitted to the jury).

## CONCLUSION

¶ 12 We conclude that the State presented sufficient evidence at the preliminary hearing to support a reasonable belief that D.K. inflicted serious bodily injury upon Daley.

---

5.  If D.K. were acquitted, found not guilty, or had all of his charges dismissed in the district court, the juvenile court could "potentially regain[ ] jurisdiction over [D.K.]," *State v. Houskeeper,* 2002

Thus, the juvenile court did not err in finding probable cause to bind D.K. over to district court under the SYOA.

¶ 13 Affirmed.

¶ 14 WE CONCUR: JAMES Z. DAVIS and WILLIAM A. THORNE JR., Judges.

UT 118, ¶ 22, 62 P.3d 444, and "any authority previously exercised over [D.K.]," Utah Code Ann. § 78–3a–602(11).