324 P.2d 490

**STATE of Utah, Plaintiff and Respondent,**

v.

**Angelo Joe TELLAY, Defendant and Appellant.**

No. 8731.

Supreme Court of Utah.

April 25, 1958.

Glen S. Hatch, Albert M. Marsden, Salt Lake City, for appellant.

E. R. Callister, Jr., Atty. Gen., Walter L. Budge, Gary L. Theurer, Asst. Attys. Gen., for respondent.

WADE, Justice.

Angelo Joe Tellay, appellant herein, was convicted of the crime of burglary in the second degree. Affirmed.

Appellant was apprehended by police officers as he was leaving the Star Brass Foundry and Refining Company about 11 o'clock in the nighttime via a broken window. An officer of the foundry testified that the window had not been broken the

day of the entry when he left the building about 4:30 or 5 o'clock that afternoon, and that no one in the company had given appellent permission to enter. He further testified that when he arrived at the building about 11 o'clock that night he found that the locks on some double doors in the foundry, which were locked from the inside, had been tampered with and broken down. Near these doors there were brass castings piled about three feet high which had been placed there a day or two before appellant's entry. There was further evidence that a night watchman living in the vicinity had heard the clinking of brass or metal and had seen a light in the foundry and had immediately informed the police and an officer of the foundry. When the police arrived they heard a noise made by the pounding of metal and almost immediately thereafter appellant was seen coming out of a broken window. Nothing was found to have been stolen from the foundry. Appellant had been drinking beer with his wife and friends who had driven him to the vicinity of the foundry in a panel truck and who were at the scene when appellant was apprehended. It was apparent that all had been drinking, although it did not appear that appellant was drunk. He talked rationally, seemed to understand everything said to him, and had no apparent trouble coming out of the window. There was testimony that appellant and his wife had been quarreling and therefore the friends stopped the truck and let them out, and it just happened to be near the foundry. No one saw appellant go into the foundry, although his wife was found standing on the corner nearby, and the truck had returned to that corner at about the time the arrest was being made. No explanation was given of why appellant had forced his way into the foundry.

It is appellant's contention that as a matter of law there was insufficient evidence to convict appellant of burglary because it was not directly proved that he had the intent to commit larceny or any other felony, and since nothing was found missing or stolen from the building, the jury could reasonably find, especially in view of his drinking, that he had entered for an innocent purpose. The answer to that is that the jury did not so find. Nor can it be said as a matter of law that from all the facts and circumstances in this case a jury could not reasonably find beyond a reasonable doubt the necessary intent to commit larceny or any other felony. No attempt was made to explain appellant's breaking and entering the foundry in the nighttime, nor does there appear any lawful motive for such entry. Under such circumstances a reasonable inference from the evidence is that the entry was made for the purpose of committing larceny or some other felony. Intent is usually proved by acts and conduct. See

310

People v. Morton, 4 Utah 407, 11 P. 512, and Ex parte Seyfried, 74 Idaho 467, 264 P.2d 685, on page 687, and cases therein cited.

McDONOUGH, C. J., and CROCKETT, WORTHEN and HENRIOD, JJ., concur.