359 P.2d 486

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**James Leroy HOPKINS, Defendant and Appellant.**

No. 9338.

Supreme Court of Utah.

Feb. 23, 1961.

Adam M. Duncan, Henry Adams, Earl M. Wunderli, Salt Lake City, for appellant.

Walter L. Budge, Atty. Gen., Homer F. Wilkinson, Asst. Atty. Gen., for respondent.

CROCKETT, Justice.

Defendant appeals from a conviction of second-degree burglary. He contends that the facts shown are explainable on a reasonable hypothesis other than his guilt, and that therefore, as a matter of law, the evidence does not support the jury's verdict.

The evidence shows that the second-story apartment on south Park Street in Salt Lake City, occupied by Mrs. Della McBreaty and her children, was entered during the early morning of April 18, 1960. Entrance was gained by using a ladder up to a south window. A Mrs. Garnett, who occupied a lower apartment, testified that at about 4 a. m. she saw a colored man and a white man outside the apartment; saw the ladder placed; and through her window saw the legs of a man climbing up it, so she called the police.

Officer Clifford Firth was the first to arrive. He saw a colored man through the window, in Mrs. McBreaty's apartment. But by the time the officers got upstairs and into the apartment he had fled. The officers found a pair of shoes near a fence outside the apartment house; and also found a car, which was registered to the defendant, parked nearby.

After some investigation they apprehended the defendant, a colored man, in the vicinity but headed away from this area where his car was located. In response to questioning, he gave as his reason for being there at that hour that he was going to visit a friend named Maggie. He first denied ownership of the shoes. Later, upon being confronted with the fact that his wife had identified them as his, he admitted they were, and that it was he who had been in the apartment. Thereupon he gave the following as an explanation: that he had been driving in his car at about 3 a. m. when a stranger hailed him for a ride home; he agreed to do so for $2 worth of gasoline which the stranger bought; that he drove the stranger to this place, and that it was in connection with helping the latter to get in that he used the ladder and got into the apartment.

The defendant argues that there is no direct proof that he entered the apartment with *intent to commit larceny* and that because that element of the crime rests upon circumstantial evidence, he is entitled to an acquittal under the well-recognized rule that where circumstantial evidence is relied

on, to warrant conviction, the evidence must exclude every reasonable hypothesis other than the guilt of the defendant.[1] He insists that his explanation provides such reasonable hypothesis.

■ The difficulty with defendant's position is that the rule he relies on is not applicable where, as here, there is dispute in the evidence and one version thereof does not support his thesis. He errs in assuming that the jury was obliged to believe his story as to what happened and why he entered the apartment. The fact that after being caught in the cross-fire of his wife's identification of the shoes, he admitted that he had falsified about them and about being in the apartment, and made an explanation which seemed reasonable to him, and inconsistent with his guilt, does not mean that the jury had to so believe. It was their exclusive prerogative to judge the credit to be given the evidence and to determine the facts.

■ It is to be remembered that intent, being a state of mind, is rarely susceptible of direct proof. But it can be inferred from conduct and attendant circumstances in the light of human behavior and experience.[2] It is upon that basis that authorities uniformly affirm that where one breaks and enters into the dwelling of another in the nighttime, without the latter's consent, an inference may be drawn that he did so to commit larceny.[3] This, coupled with defendant's other inculpatory conduct described above, including his flight from the scene, which itself may be regarded as some evidence of guilt, provide ample proof to support the verdict.

Affirmed.

WADE, C. J., and HENRIOD, McDONOUGH, and CALLISTER, JJ., concur.

1. See State v. Burch, 100 Utah 414, 417, 115 P.2d 911, 912.

2. State v. Tellay, 7 Utah 2d 308, 324 P. 2d 490 and authorities cited therein.

3. Ibid; see also 9 Am.Jur. 271, Sec. 61.