433 P.2d 10

The STATE of Utah, Plaintiff and Respondent,

v.

Jack SYDDALL, Jimmie Jones and Kenneth Perry, Defendants and Appellants.

No. 10953.

Supreme Court of Utah.

Oct. 27, 1967.

. K. Samuel King; John D. O'Connell, Salt Lake City, for appellants.

Phil L. Hansen, Atty. Gen., J. Franklin Allred, Leroy S. Axland, Asst. Attys. Gen., Salt Lake City, for respondent.

TUCKETT, Justice:

The defendants were found guilty of burglary in the second degree and from the verdict and the judgment of the court sentencing the defendants to imprisonment they have appealed.

The defendants were apprehended during the nighttime while they were within the Lockhart Company building in Clearfield, Utah. The Lockhart Company building was situated between the Barlow Furniture Company building and the Clearfield State Bank building. The bank building was to the south of the Lockhart building and the furniture company building was to the north. The buildings did not have common walls but the separate walls of the buildings were constructed side by side.

The evidence shows that the defendants had broken into the Barlow Furniture Company building and that they had made an opening through the wall into the building occupied by Lockhart Company. At the time the activities of the defendants were interrupted by the officers they had removed a portion of the walls between the Lockhart building and the bank building. The vault of the bank had been exposed but no opening had been made therein. At

the scene there were numerous tools, together with dynamite, electrical wire, blasting caps and batteries to detonate the same.

There was no evidence that the defendants had taken anything from the Lockhart Company. The proprietor of Barlow Furniture Company testified that he had left approximately $20 in coins in the cash register in the furniture store. After the apprehension of the defendants the change left in the cash register was missing.

Defendants seek reversal of their conviction and sentences on two grounds, (1) the defendants claim that they were not given a preliminary hearing on the charge of which they were convicted, and (2) that the evidence was insufficient to support a conviction of burglary in the second degree.

The defendants were initially charged with burglary in the first degree in that the defendants entered the building occupied by Barlow Furniture and the Lockhart Company in the nighttime with intent to commit larceny by means of explosives. At the close of the evidence the court dismissed the charge of burglary in the first degree and submitted to the jury the included offense of burglary in the second degree.

Prior to trial the State had moved to amend the information at which time the defendants objected to the amendment on the grounds that it would in effect charge the defendants with a crime upon which they had had no preliminary hearing. The court indicated that it would, if the defendants so moved, remand the case for a further preliminary examination. Counsel for the defendants at that hearing stated to the court that he did not think the defendants should be obligated to incur the time and expense of another preliminary hearing. Counsel went on to state as follows:

So we will make no further requests for further preliminary hearing, and are prepared at this time to ask for a trial setting.

It is quite clear that the defendants by declining to ask for a further preliminary examination after the court had offered to remand the case for that purpose waived any objection they may have had at that time of not having had a preliminary hearing. The defendants' claim of error on this ground is without merit.[1]

The gravamen of offense of burglary in he second degree is the entry into a building or other enclosure mentioned in the statute with a specific intent to commit larceny or some other felony. The evidence of record amply supports the finding of the jury that the defendants

---

1. State v. Gustaldi, 41 Utah 63, 71, 123 P. 897; State v. Freeman, 93 Utah 125, 71 P.2d 196; State v. Jensen, 103 Utah 478, 136 P.2d 949.

entered the building occupied by Barlow Furniture Company and the Lockhart Company; that such entry occurred in the nighttime; and that the defendants had an intention to commit larceny. The evidence need not show that a larceny or other felony was in fact committed on the premises entered, but it is sufficient if the evidence shows that at the time of the entry the defendants had the intention to commit larceny or some other felony.[2]

After carefully considering the appellants' claim of errors on the part of the trial court, we are of the opinion that the errors complained of by the defendants are without merit and the judgment of the court below is affirmed.

CROCKETT, C. J., and HENRIOD, J., concur.

CALLISTER, J., concurs and also concurs in the views expressed by ELLETT, J.

ELLETT, Justice (concurring in the result):

I concur in the result reached by the main opinion but believe that the opinion does not answer the contention made by the defendants. They claim that the evidence is overwhelming to the effect that their intent was to blow open the vault of the bank and that entry into the furniture store was for the sole purpose of getting into the Lockhart building and that the only reason for being in the Lockhart building was to gain entrance to the bank and the vault therein. It seems to me that this contention is well founded.

The defendants were charged with burglary in the first degree in that they broke and entered the building occupied by Barlow Furniture and the Lockhart Company in the nighttime with intent to commit larceny therein by means of explosives. The district attorney, apparently feeling that the jury might not believe the defendants intended to steal from the buildings named in the Information, moved before trial to amend the Information, to strike therefrom the word "therein," which motion was granted by the trial court over the objections of the defendants. After the close of the evidence the prosecutor moved to amend the Information to charge burglary in the second degree and to dismiss as to burglary in the first degree, which motion was granted.

The defendants do not complain that two crimes are apparently set out in the Information inasmuch as the two buildings alleged to have been entered are separate and each has its own walls; nor do they make any complaint because the two named

2. State v. Evans, 74 Utah 389, 396, 279 P. 950; State v. Tellay, 7 Utah 2d 308, 324 P.2d 490; State v. Hopkins, 11 Utah 2d 363, 359 P.2d 486.

companies are not alleged to be corporations.

The defendants contend that burglary can only be committed when the larceny or felony intended to be committed is to be committed in the building broken into, and they further contend that since they did not enter the bank building from which they intended to steal, the crime of burglary was not made out.

In view of the fact that the defendants were caught "red handed" trying to break into the bank vault by means of electric drills, a sledge hammer, a crowbar, dynamite, percussion caps, dry cell battery, and hook-up wires, etc., they contend that no one could have the slightest doubt about what their intent was: It was to break into the vault where the "big" money was stored. They further claim that even if one or more of the defendants did take the small change from the Barlow store, the taking was a simple petit larceny crime, for certainly they would not go to the elaborate preparations which they made just to steal from the Barlow till. They admit that at the time they entered both the Barlow Furniture building and the Lockhart building their sole purpose was to break into the bank vault, and we are faced with this question: Must the intent required in burglary in the first and second degrees be to commit a crime within the building broken into?

Few cases have considered this problem, and it is a novel one in Utah. Neither at common law nor by our statute is stealing "therein" required by the definition of the crime except in burglary in the third degree it is required that the intent be to steal or commit any felony "therein." One must look at the history of our statutes to understand why burglary in the third degree requires that the crime be committed "therein," while burglary in the first degree and burglary in the second degree do not so require it.

Prior to statehood Utah had one crime of burglary, which was as follows:

Every person who, in the night time, forcibly breaks and enters, or without force enters through any open door, window or other aperture, any house, room, apartment or tenement, or any tent, vessel, water craft or railroad car, with intent to commit larceny or any felony, is guilty of burglary. [Sec. 4621, C.L. U.1888.]

The penalty for this crime was a term in prison of not less than one year and not more than ten years.

The statute then also provided for the crime of housebreaking, to wit:

Every person who, in the day time, enters any dwelling house, shop, warehouse, store, mill, barn, stable, outhouse, other building, vessel, or railroad car, with intent to steal or to commit any felony

whatever therein, is guilty of housebreaking. [Sec. 4623, C.L.U.1888.]

The penalty for housebreaking was a term in prison of not less than six months and not more than three years.

By Chapter 62, Laws of Utah 1890, the penalty for burglary was increased to a maximum of 20 years.

These statutes were unchanged until 1905, when burglary was divided into two degrees: Burglary in the first degree, which was identical to burglary under the prior statutes, and carried the same penalty as provided, to wit, one to 20 years; and burglary in the second degree, which was identical to housebreaking, and carried the same penalty as had theretofore been required for housebreaking, to wit, six months to three years. (Chapter 19, Laws of Utah 1905.)

In 1907 our legislature by Chapter 52 of the Session Laws further changed the statute as it applied to burglary and divided the crime into three degrees, to wit:

Burglary in the first degree, which was breaking and entering during the nighttime, etc., with intent to commit larceny or any felony by the use of nitroglycerin, dynamite, gunpowder, or any other explosive, the penalty for which was not less than 25 years and not more than 40 years in prison;

Burglary in the second degree, which was identical to burglary in the first degree except that no explosives were required, the penalty being a term in prison of not less than one year and not more than 20 years; and

Burglary in the third degree, which was identical to burglary in the second degree under the 1905 amendment and carried the same penalty, to wit, not less than six months nor more than three years in prison.

It thus appears that the reason for the requirement that the crime be intended to be perpetrated "therein" in burglary in the third degree is because burglary in the third degree is the old crime of housebreaking and has never been changed except in name only.

In the case of People v. Shields, 70 Cal. App.2d 628, 161 P.2d 475, the California Court of Appeals had the problem raised. There the defendant had entered a building with a three-year-old girl for the purpose of taking her up on the roof, where he committed lewd acts amounting to a felony. The defendant contended that since the assault was committed upon the roof, it could not be burglary, since the top of the building could not be in the building. The court at page 480 answered the contention thusly:

The Bellevue Apartments is a building. Moreover, it has walls on all sides and is covered by a roof. Appellant entered it. Did he at that time have the intent

to commit a felony? From the fact that the jury found him guilty of violating section 288 of the Penal Code it is apparent that they also found that he had the intent to commit that crime when he entered the building.

In the case of State v. Charette, 98 N.H. 477, 103 A.2d 192, 43 A.L.R.2d 827, the New Hampshire Supreme Court had a similar problem before it. There the defendant had broken into a cabin in order to secure the combination to a safe in a nearby restaurant, intending to steal the money therefrom. The court held:

> The breaking and entering of the cabin with the intent to commit larceny at the nearby restaurant, which was an integral part of the Indian Head Village, was burglary of a dwelling-house, within the meaning of our statutes. R.L. c. 453, §§ 2, 7. The legal effect is the same whether the respondent broke and entered the dwelling-house or cabin with the intent to steal in the restaurant or had broken into and entered the restaurant with intent to steal in the dwelling-house or cabin. While no cases directly in point have come to our attention, the conclusion is not doubtful.

A case of interesting similarity to the instant one is People v. Wright, 206 Cal. App.2d 184, 23 Cal.Rptr. 734. The California Court of Appeals set forth the facts, the contentions of the defendant, and the holding of the court in the following language:

> * * * The evidence established that appellant entered a building not for the purpose of stealing property therein contained but in order to gain access to an adjoining structure which is claimed not to be a subject of burglary under Penal Code § 459, and to take property contained in that structure. Appellant contends as follows: (1) The court erred in permitting the prosecution to strike from the information the word "therein" occurring in the allegation of an "intent then and there and therein unlawfully and feloniously to commit theft"; (2) the amended information failed to state an offense without the stricken phrase; and (3) the evidence does not support a conviction of burglary.
>
> * * * * * *
>
> We consider the true rule to be that within the purview of § 459, Penal Code, the intent to commit larceny or any felony is not confined to an intent to commit the crime in the building which is entered if the intent at the time of entry is to commit the offense in the immediate vicinity of the place entered by defendant; if the entry is made as a means of facilitating the commission of the theft or felony; and if the two places are so closely connected that intent and consummation of the crime would constitute

a single and practically continuous transaction.

Professor Perkins in his book on Criminal Law (1957) at page 168 says:

Some definitions of burglary, after listing the elements mentioned above, add with intent and so forth "therein." This wording emphasizes the necessary causal relation between burglarious intent and the forced entrance, but seems to inject an unnecessary limitation. While it would not be burglary to break into another's dwelling at night merely to rest in preparation for a felony to be perpetrated elsewhere, it would be burglary, if the purpose was to use the building as as place of concealment from which to shoot an enemy as he passed on the street, although under well recognized rules the situs of such a murder would be in the street at the point where the bullet hit the victim, and not the place inside the house from which the shot was fired.

The proximity of the buildings entered to the one from which the money was to be stolen is sufficient to comply with our definition of burglary in the first degree or burglary in the second degree. When the defendants entered each building, they did so in furtherance of their intention to steal, although the stealing was not to be done "therein." It would seem that a conviction of burglary in the first degree was justified, and I am unable to see why the Information was amended to charge burglary in the second degree, when it was patently obvious that the defendants intended to commit larceny by the use of dynamite.

I would affirm the conviction of the defendants and each of them.