437 P.2d 194

**Jackie Lee SYDDALL, Plaintiff and Appellant,**

v.

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**No. 10950.**

Supreme Court of Utah.

Jan. 30, 1968.

**264**

Jackie Lee Syddall pro se.

Phil L. Hansen, Atty. Gen., J. Franklin Allred, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

CROCKETT, Chief Justice:

Plaintiff Syddall petitioned in habeas corpus to have declared void a judgment and sentence imposed upon him 11 years earlier, in 1955, for the crime of second degree burglary to which he had pleaded guilty. In the meantime he had been released, and had committed another burglary, of which he was convicted and is serving another sentence of from one to 20 years.[1]

In this attack upon the 1955 conviction plaintiff contends that he was then a minor, 17 years of age; that he was unlawfully arrested and held prior to the filing of a complaint and the issuance of a warrant; and that he was not accorded his right to counsel at critical stages of the proceeding.

Upon a trial of the issues the trial court rejected plaintiff's contentions and found that there was no lack of due process nor injustice and dismissed his petition. He appeals.

We have but recently had occasion to discuss the purpose and the limitations of habeas corpus in a postconviction proceeding such as this, and to point out

1. State v. Syddall, 20 Utah 2d 73, 433 P.2d 10.

**265**

that it is not intended to be and should not be distorted into another appellate review. The safeguards provided for in our law, plus the right of appeal within the time allowed, afford adequate protections for the rights of an accused. After the procedure has been followed, a judgment entered, and the time for appeal has elapsed, the case should be put at rest. In order that there be some finality to such proceedings, and to accord the processes of law the dignity and respect they should have, the judgment should not be subjected to further attack except for the most compelling reasons.[2] This can be done by collateral attack under habeas corpus only in circumstances which cannot be adequately dealt with by the ordinary rules of procedure.[3] It is further pertinent to note that in such proceedings the burden of proving grounds to justify upsetting the judgment is upon the plaintiff.[4]

Such plausibility as there is to the plaintiff's position arises from the fact that it does not appear that he had counsel when he first pleaded guilty to the charge.[5] However, this deficiency is obviated by these facts: that the court thereafter appointed competent counsel, Mr. J. Vernon Erickson, to represent the plaintiff, and the plea of guilty was withdrawn. After the elapse of several days, and there had been ample opportunity to investigate and confer about the matter, the plaintiff and his counsel appeared in court, and the plaintiff again entered a plea of guilty of the offense.

Nothing is shown to even suggest that plaintiff was improperly induced to enter that plea, or to discredit his representation to the court that he had committed the crime. Nor does he now claim innocence. His position is simply that there was procedural error. Even if there had been, the mandate of our law is that it must be disregarded unless it had some substantial adverse effect upon his rights.[6] We have examined the record in the light of the principles herein set forth and have found no reason to disagree with the trial court's determination that there was no injustice to the plaintiff and that he was adequately represented by counsel during the proceeding. The dismissal of his petition is affirmed. No costs awarded.

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.

2. See 25 Am.Jr. 162; also authorities cited in Gallegos v. Turner, 17 Utah 2d 273, 409 P.2d 386; and in Bryant v. Turner, 19 Utah 2d 284, 431 P.2d 121.

3. Rule 65B, U.R.C.P., advisedly classifies habeas corpus as an extraordinary writ.

4. See 12 Am.Jur. 24; and authorities cited in Maxwell v. Turner, 20 Utah 2d 163, 435 P.2d 287.

5. As to right of counsel at all critical stages of criminal proceedings, see State v. Braasch et al., 119 Utah 450, 229 P.2d 289.

6. Sec. 77-42-1, U.C.A.1953, requires that errors which do not affect essential rights must be disregarded.