[No. 18429-6-I.   Division One.   December 14, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES EDWARD KOLISYNK, *Appellant.*

*Dori Jones* of *Washington Appellate Defender Association,* for appellant.

*David S. McEachran, Prosecuting Attorney,* and *MacDuffie Setter, Deputy,* for respondent.

RINGOLD, J.—The defendant, James Edward Kolisynk, appeals the judgment and sentence for second degree burglary. He challenges the sufficiency of the evidence to establish the essential elements of the crime. We conclude the evidence proved the crime charged and affirm.

On April 4, 1986, Kolisynk and his companion were arrested at a Whatcom County service station at 4 a.m. The two had forcibly entered the gas station in an attempt to find the master switch that would activate the gas pumps located outside the building. Police arrived before the switch was found or any gasoline was taken. After he was informed of his rights, Kolisynk made a voluntary statement to the officers that he intended to steal some gas so the two could return to Canada.

Upon denial of his motion to dismiss, Kolisynk stipulated to the admission of police reports, waived a jury trial and was found guilty by the trial judge of burglary in the second degree. This appeal follows.

Burglary in the second degree is defined by RCW 9A.52-.030 as follows:

> (1) A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle.

Kolisynk contends he did not intend to commit a crime against property inside the building because the gas was to be obtained from the pumps outside. The State contends the conviction was justified in that, in addition to intending to commit an essential act for the theft within the building, Kolisynk intended to misappropriate the use of the gasoline

delivery system (via the switches and use of electricity) which was housed within the building.

■ The standard of review to be applied to a challenge to the sufficiency of the evidence to establish a particular element is "whether, after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime *beyond a reasonable doubt." State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979)).

The trial court found no reason to distinguish between the acts committed inside and outside the building and rejected the defendant's contention that the only crime was committed outside the building. In considering Kolisynk's argument that no property was taken from the building, the following colloquy between counsel and the trial judge occurred:

[DEFENSE COUNSEL]: . . . There was no attempt to steal anything inside the building at all.

THE COURT: Would you have any trouble if they had stolen a key and went out to unlock the padlock? Would that, would that change it?

DEFENSE COUNSEL: That would change it because that would be the crime of theft. Then they would be stealing property from inside the building. But they didn't steal property inside the building. All they did was make an act that would enable them to commit a crime of theft outside.

THE COURT: To me there is no substantial difference between flipping the switch which allows you to pump gasoline out and take a key outside and open up the padlock.

DEFENSE COUNSEL: Except in the act of taking the key you are, in fact, taking a piece of property within the building that belongs to somebody and taking it outside the building and committing the crime of, against—the key at that point, you have committed the crime of theft and there is no theft of gasoline. The crime there is theft of a key. I mean, the criminal statutes, your Honor, have to be strictly construed . . .

The trial judge denied the motion to dismiss:

The Court's going to deny the motion. I don't see that the acts are that easily separated and, I think, that when the defendants arguably deprived the owner of the integrity of his electricity, if you will, with the intent to steal gasoline outside the building, they were committing a crime in the building.

■ Although this appears to be a case of first impression in Washington, courts in other jurisdictions have upheld burglary convictions under similar statutes under almost identical facts. In *State v. Arne,* 311 N.W.2d 186 (N.D. 1981), the court upheld the defendant's conviction under a burglary statute that requires the entry into the building be made with the "intent to commit a crime therein." The court found persuasive the rationale of the Michigan Court of Appeals in the case of *People v. Adams,* 75 Mich. App. 736, 255 N.W.2d 752 (1977), which held that when the defendant broke into an adjacent shed in order to switch on the gas pump,

> [he] broke and entered the shed to commit an essential act of the completed crime. We do not feel that the conviction is tainted solely because a subsequent portion of the crime would have occurred . . . [if police had not intervened] outside the shed.

*Arne,* at 189 (quoting *Adams,* at 753). *See also People v. Nance,* 25 Cal. App. 3d 925, 102 Cal. Rptr. 266 (1972) (upheld burglary conviction, noting that the entry to turn on the switch to steal gasoline was an act necessary to the theft, and that it was not necessary for the gasoline to be inside the premises).

RCW 9A.56.020(1)(a) also defines theft in pertinent part as: "[t]o wrongfully obtain or exert unauthorized control over the property or services of another . . ." The Legislature recognized that electricity is property that can be stolen when it defined "services" to include "the supplying of commodities of a public utility nature such as . . . electricity . . ." RCW 9A.56.010(10).

We, therefore, consider the electricity to operate the pump mechanism as the property of the owner located inside the building at the time Kolisynk unlawfully entered.

When Kolisynk broke into the service station building, it was done with the intent to commit a theft of property (electricity or the use of the service delivery system) in the building. Thus, all the elements of burglary are present, and a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

We affirm the judgment and sentence.

SWANSON, J., and COLE, J. Pro Tem., concur.

Review denied by Supreme Court March 1, 1988.