[No. 38639-5-I.    Division One.    June 23, 1997.]
THE STATE OF WASHINGTON, *Respondent*, v. MARK A.
BLACK, *Appellant*.

*Elaine L. Winters* and *Shauna O'Connor* of *Washington Appellate Project*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *David F. Thiele* and *Seth Aaron Fine, Deputies*, for respondent.

BECKER, J. — Mark Black appeals his conviction of second degree child molestation of 13-year-old H.P. He contends the trial court erred when it admitted evidence of a burglary conviction as a crime of dishonesty under ER 609(a)(2). Because Black's statement upon pleading guilty to the prior burglary unambiguously reveals that his intent was to commit theft, a crime of dishonesty, we hold the prior conviction was properly admitted under *State v. Schroeder*.[1]

H.P. testified to the facts establishing the charged molestation. She said Black, her stepfather, digitally penetrated her vagina, and at least attempted to penetrate her with his penis. Black testified, denying the incident.

To impeach Black's testimony, the State asked the trial court to allow the admission of Black's prior conviction of second degree burglary as a per se crime of dishonesty under ER 609(a)(2). The State argued that under *Schroeder*, the court may look to "all the evidence in the record." In support of its contention that the burglary was premised on Black's intent to commit theft, the State offered certain documents from the record of Black's prior burglary conviction. In response Black urged the trial court to distinguish *Schroeder* on its facts. Black argued that the materials submitted by the State did not demonstrate that he had the intent to commit theft when he committed the prior burglary.

After considering the certificate of probable cause and Black's statement on plea of guilty in the prior matter, the trial court determined Black did have the intent to commit theft as revealed by the record of the prior conviction, and allowed the State to use it for impeachment. Black assigns error to that decision.

---

[1] *State v. Schroeder*, 67 Wn. App. 110, 834 P.2d 105 (1992).

■ In the 1987 case of *State v. Newton*,[2] our Supreme Court held that when trial courts determine whether a prior crime involved dishonesty, they may not look into facts underlying the prior conviction and must instead look only to the elements of the crime. Black now relies on *Newton* to argue that the trial court erred when it went into the record of the prior burglary. Black did not preserve this argument for appeal because he did not make it below. His argument against admission was based on *Schroeder*, the very case he now asks the court to reject. We therefore review his assignment of error only to determine whether the court misapplied *Schroeder*.[3]

■ *Schroeder* allows a special application of *Newton* when the prior conviction proposed for impeachment is burglary. The elements of burglary are (1) unlawfully entering or remaining in a building (2) with the intent to commit a crime therein.[4] *Newton*, if strictly applied, would not permit burglary to be categorized as a crime of dishonesty because the elements do not on their face involve dishonesty or false statement. But four years after deciding *Newton*, the Supreme Court decided in *State v. Ray*[5] to recognize theft as a crime of dishonesty. In cases where the burglary involves theft or intent to commit theft, *Schroeder* gives the State the benefit of the ruling in *Ray*. *Schroeder* holds the trial court may look beyond the elements of burglary and go into the record to identify the underlying crime the burglar intended to commit.[6] Then the trial court may substitute those elements into the burglary elements before determining whether the burglary elements include an element of dishonesty.[7]

In applying its announced rule to the facts of the case,

---

[2]*State v. Newton*, 109 Wn.2d 69, 743 P.2d 254 (1987).

[3]ER 103; RAP 2.5(a).

[4]RCW 9A.52.030.

[5]*State v. Ray*, 116 Wn.2d 531, 806 P.2d 1220 (1991).

[6]*Schroeder*, 67 Wn. App. at 117.

[7]*Schroeder*, 67 Wn. App. at 117.

the court in *Schroeder* determined that the defendant himself testified the property stolen in the prior burglaries was found in his possession. There was no hint in the record that the prior burglary may have been performed with any other intent than the intent to commit theft.[8] Therefore, the jury in the prior case could not have been divided on what crime the defendant intended to commit.

There was no jury trial in the prior case against Black. He entered a guilty plea to burglary. Materials presented to the trial court in the present case included the certificate of probable cause from the prior case, alleging Black had been found with coins and other items taken from the location of the burglary. Also included was Black's own statement upon plea of guilty. In that statement he said only that he burglarized the house with intent to unlawfully use the video cassette recorder (VCR).

Black argues the certificate of probable cause is an unreliable indicator of his actual intent. We agree. The record shows that Black stipulated to the certificate of probable cause only for its use for sentencing purposes. This is not such a clear adoption of its truth as would be the case if he had stipulated to it as the factual basis for the plea. We hold Black's stipulation to the certificate of probable cause for sentencing purposes is not an unambiguous demonstration of his intent in the prior burglary.

■■ But Black's own statement on plea of guilty does demonstrate he intended to commit a crime of dishonesty. He admitted that he broke into a home intending to use the VCR. He argues this does not prove an intent to steal, but under *State v. Kolisynk*,[9] "electricity is property that can be stolen." Black's admission was unqualified. It reveals unambiguously that Black intended to commit a theft when he committed the prior burglary.[10] Therefore, under *Schroeder*, the burglary was a per se crime of dis-

---

[8]*Schroeder*, 67 Wn. App. at 120 n.6.

[9]*State v. Kolisynk*, 49 Wn. App. 890, 893, 746 P.2d 1224 (1987).

[10]*Cf. State v. Watkins*, 61 Wn. App. 552, 811 P.2d 953 (1991).

honesty and could be used for impeachment. There was no error.

Affirmed.

BAKER, C.J., and KENNEDY, J., concur.

Review denied at 133 Wn.2d 1032 (1998).